IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CATLIN SYNDICATE LIMITED | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:08CV97-HSO-JMR |
| | § | |
| IMPERIAL PALACE OF | § | |
| MISSISSIPPI, INC. and IMPERIAL | § | |
| PALACE OF MISSISSIPPI, LLC | § | DEFENDANTS |
| | § | |
| | § | |
| IMPERIAL PALACE OF | § | |
| MISSISSIPPI, INC. and IMPERIAL | § | |
| PALACE OF MISSISSIPPI, LLC | § | COUNTER-CLAIMANTS |
| | § | |
| v. | § | |
| | § | |
| CATLIN SYNDICATE LIMITED | § | COUNTER-DEFENDANT |

## ORDER AND REASONS GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO BIFURCATE

BEFORE THE COURT is the Motion to Bifurcate [28-1] of Plaintiff/Counter-Defendant Catlin Syndicate Limited ["Catlin"], filed August 8, 2008, in the above-captioned cause.  Defendants/Counter-Claimants Imperial Palace of Mississippi, Inc., and Imperial Palace of Mississippi, LLC [collectively, "Imperial Palace"] filed a Response [41-1] on August 25, 2008, and Catlin filed a Reply [46-1].  After consideration of the submissions and the relevant legal authorities, the Court finds that Catlin's Motion to Bifurcate [28-1] should be granted in part and denied in part.

## I.  DISCUSSION

Catlin asks the Court to bifurcate the trial of this case pursuant to Federal Rule of Civil Procedure 42(b) and Mississippi Code § 11-1-65.  *See* Mem. in Supp. of

Mot. to Bifurcate, at p. 2.  Catlin further requests that fact discovery on Imperial Palace's bad faith claims against it be stayed until this Court's ruling on the pending Motions for Summary Judgment, or until January 1, 2009, whichever is earlier.  *See id.* at p. 3.

Imperial Palace does not object to bifurcation of the trial into two phases, but does object to bifurcating the trial into two separate trials.  *See* Mem. in Resp. to Mot. to Bifurcate, at pp. 1-6.  Imperial Palace further opposes staying discovery on its bad faith claims.  *See id.* at pp. 6-11.

Federal Rule of Civil Procedure 42(b) states that

[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or thirdparty claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

The Court is not persuaded that a separate trial on the bad faith issue would further convenience, or be conducive to expedition and economy.  The Court is of the opinion that the trial should be phased in accordance with Mississippi law on the subject of punitive damages, but the Court will defer ruling on specific evidentiary issues as premature.  Therefore, to the extent that Catlin seeks a phased trial, its Motion to Bifurcate will be granted.  To the extent that Catlin seeks a separate trial, its Motion will be denied.

Catlin asserts that "discovery relating to the Bad Faith Claims will consume substantial resources and is unrelated to the coverage claims."

Mem. in Supp. of Mot. to Bifurcate, at pp. 6-7.  Catlin also contends that

pending dispositive motions may "dispense with the key coverage issue in the

litigation as well as those Bad Faith Claims which are contingent on that

coverage issue." *Id.* at p. 7.  The Court is not persuaded that a stay of

discovery on the bad faith claims would further the interests of judicial

economy or fairness.  The Court is therefore of the opinion that Catlin's

Motion to Bifurcate should be denied to the extent it seeks to stay discovery

regarding Imperial Palace's bad faith claims.

## II.  CONCLUSION

Based on the foregoing, the Court finds that Catlin's Motion to

Bifurcate must be granted in part and denied in part.  Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, as stated

more fully herein, Plaintiff/Counter-Defendant Catlin Syndicate Limited's

Motion to Bifurcate [28-1] filed August 8, 2008, should be and hereby is

**GRANTED IN PART** to the extent that it seeks a phased trial pursuant to

Mississippi law on punitive damages, and **DENIED IN PART** to the extent

that it seeks separate trials or a stay of discovery.

**SO ORDERED AND ADJUDGED**, this the 3rd day of November,

2008.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE